IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **PNC BANK, NATIONAL ASSOCIATION,** | ) |
| Plaintiff, | ) Case No. <br> ) <br> ) Assigned Judge: |
| vs. | ) <br> ) Magistrate Judge: |
| **BROWN TRANSFER COMPANY, LLC,** | ) <br> ) |
| Defendant. | ) <br> ) |

## COMPLAINT

Plaintiff, PNC Bank, National Association ("PNC"), through its undersigned counsel, for its complaint against Brown Transfer Company, LLC ("Brown Transfer"), states as follows:

1. PNC brings this action to recover the principal sum of One Million One Hundred-Thirty-Five-Thousand Dollars, plus interest, attorney's fees, expenses, and costs. This action arises from Brown Transfer's breach of contract to reimburse PNC, under a Reimbursement Agreement for Standby and Commercial Letter(s) of Credit (the "Reimbursement Agreement"), obligating Brown Transfer to repay PNC for draws of $1,035,000 on April 12, 2021, and $100,000 on May 12, 2021, made by Great West Casualty Company ("Great West") as the designated beneficiary to a certain Irrevocable Standby Letter of Credit No. 18129337-00-000 and Amendments 1, 2, & 3 (collectively the "Letter of Credit").

## PARTIES

2. PNC is a national banking association organized and existing under the laws of the United States. PNC is an indirect wholly-owned subsidiary of The PNC Financial Services

Group, Inc., a Pennsylvania corporation. PNC has multiple branches throughout the United States, including an Office located at One North Franklin Street, Suite 2500, Chicago, Illinois 60606.

3. Brown Transfer Company, LLC was formed under Nebraska law with a principal office located in Kearney, Nebraska 68847.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these claims under 28 USC § 1332(A)(1) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Venue is appropriate in this District pursuant to 28 USC § 1391(b)(2).

## COMMON FACTUAL ALLEGATIONS

6. On or about February 12, 2018, PNC issued an Irrevocable Standby Letter of Credit in the amount of $1,135,000.00, which was subsequently amended, as to expiration dates, on December 6, 2018, December 3, 2020, and December 10, 2020.

7. The Applicant for the Letter of Credit is Brown Transfer, the Beneficiary is Great Western, and the issuing entity is PNC.

8. A true and correct duplicate of the Letter of Credit is attached as Exhibit A.

9. On or about November of 2019, and in consideration for the issuance of the Letter of Credit by PNC, Brown Transfer executed the Reimbursement Agreement.

10. The parties to the Reimbursement Agreement are Brown Transfer Company, LLC, with an address of 911 East 11th Street, Kearney, NE 68847, as the Obligor in favor of PNC Bank, National Association, with an address of One North Franklin Street. Suite 2500, Chicago, IL 60606.

11. A true and correct duplicate of the Reimbursement Agreement is attached hereto as Exhibit B.

12. The Reimbursement Agreement provides in paragraph 13 that "The Obligor hereby irrevocably consents to the exclusive jurisdiction of any state or federal court for the county or judicial district where the Bank's office first set forth above is located * * *. And the Bank's office location first set forth, in the initial paragraph of the Reimbursement Agreement, is located in Chicago, Illinois.

13. The Reimbursement Agreement, pursuant to paragraph 2(B), provides that:

> The Obligor will pay to the Bank upon receipt of the Bank's invoice therefor (i) interest on all amounts payable to the Bank hereunder from the date due to the date of payment as follows: (A) if the applicable Credit is issued under a committed or discretionary line of credit extended by the Bank, at the applicable rate set forth in the note or any other document evidencing or governing the obligation of the Obligor (or its parent or affiliate) to repay advances under such line of credit, or (B) if the applicable Credit is not issued under such a line of credit, or if there is no such note or other document establishing such rate, at the Base Rate plus     % (or, if the preceding blank is not completed, at the Base Rate plus 4%); provided that in no event shall the Obligor pay interest in excess of the maximum rate permitted by applicable law; (ii) the Bank's fees as separately agreed to by the Obligor and the Bank; (iii) the customary commissions and other charges regularly charged by the Bank for letters of credit; and (iv) all charges and expenses paid or incurred by the Bank or any of its correspondents in connection with this Agreement or any Credit, including all reasonable legal fees and expenses, whether of internal or external counsel to the Bank. All periodic interest, fees and commissions shall be calculated on the basis of the actual days elapsed in a 360 day year, and interest shall continue to accrue at the applicable rate set forth herein whether or not a default exists or a judgment has been entered.

14. The Reimbursement Agreement further provides, pursuant to paragraph 6, that "the "Obligor's failure to pay when due any obligation to the bank or any Bank Affiliate under this Agreement or otherwise" is an event of default.

15. The Reimbursement Agreement also sets forth remedies in the event of default as follows:

> **Remedies.** Upon the occurrence of any Event of Default (a) the amount of each Credit, together with any additional amounts payable hereunder, shall, at the Bank's option, become due and payable immediately without demand upon or notice to the Obligor; (b) at the Bank's option, any amounts payable to the Bank hereunder shall bear interest at a rate per annum (based on the actual number of days such amounts are outstanding over a year of 360 days) which shall be three percentage points (3%) in excess of the applicable interest rate in effect in accordance with Section 2(c)(i) above but not more than the maximum rate allowed by law; (c) the Bank may exercise from time to time any of the rights and remedies available to the Bank under this Agreement, under any other documents now or in the future evidencing or securing obligations of the Obligor to the Bank, or under applicable law, and all such remedies shall be cumulative and not exclusive; and (d) upon request of the Bank, the Obligor shall (in addition to the Collateral) promptly deliver to the Bank in immediately available funds, as collateral for any and all obligations of the Obligor to the Bank, an amount equal to 105% of the maximum aggregate amount then or at any time thereafter available to be drawn under all outstanding Credits, and the Obligor hereby pledges to the Bank and grants to the Bank a security interest in all such funds as security for such obligations, acknowledges that the Bank shall at all times have control of such funds and shall be authorized to give entitlement orders (as defined in the UCC) with respect to such funds, without further consent of the Obligor or any other person, and agrees promptly to do all further things that the Bank may deem necessary in order to grant and perfect the Bank's security interest in such funds. The Obligor waives presentment, protest, dishonor, notice of dishonor, demand, notice of protest, notice of non-payment, and notice of acceptance of this Agreement, and any other notice or demand of any kind from the Bank.

16. On or about March 26, 2021, Great Western, as the beneficiary of the Letter of Credit, having satisfied all conditions precedent and in conformity with the terms of the Letter of Credit, submitted its Sight Draft to PNC to partially draw upon the Letter of the Credit in the amount of $1,035,000.00. PNC honored the Sight Draft as required under the Letter of Credit and remitted said funds to Great Western. A true and accurate duplicate of the first draw request documentation is attached as Exhibit C.

17. On or about May 6, 2021, Great Western, as the beneficiary of the Letter of Credit, having satisfied all conditions precedent and in conformity with the terms of the Letter of Credit, submitted its Sight Draft to PNC to draw the remaining $100,000.00 under the Letter of the Credit. PNC honored the Sight Draft as required under the Letter of Credit and remitted said funds to Great Western. A true and accurate duplicate of the second draw request documentation is attached as Exhibit D.

18. Having remitted the preceding draw requests in conformity with the Letter of Credit and having complied with all conditions precedent, on or about June 4, 2021, PNC tendered its "Demand for Reimbursement" to Brown Transfer for the sum of $1,148,594.76, consisting of a principal amount owed of $1,135,000.00 and accrued interest to June 4, 2021, of $13,594.76. A true and accurate duplicate of the Demand for Reimbursement is attached as Exhibit E.

19. Brown Transfer failed to reimburse PNC for amounts drawn under the Letter of Credit as set forth in PNC's Demand for Reimbursement, which constitutes an event of default under the Reimbursement Agreement.

20. The principal amount of unreimbursed draws on the Letter of Credit are $1,135,000.00, interest in the amount of $13,594.76 as of June 4, 2021, and the daily accrual of $228.58 thereafter for a total due of $1,148,594.76, plus further accruing interest, costs, expenses, and attorney's fees, all as provided by the Reimbursement Agreement.

**BREACH OF CONTRACT**

21. The foregoing paragraphs are reincorporated by reference as if set forth herein at length.

22. Brown Transfer has defaulted under the terms of the Reimbursement Agreement.

23. Under its rights as set forth in the Reimbursement Agreement, PNC has declared all amounts funded under the Letter of Credit immediately due and payable and has made demand upon Brown Transfer for same.

24. Brown Transfer has failed and refused to pay said indebtedness in its entirety.

25. By Brown Transfer's breach of contract in failing and refusing to pay its contractual obligation to PNC, PNC has been damaged in the principal amount of $1,135,000.00, interest of $13,594.76 as of June 4, 2021, plus further accruing interest, and its expended attorneys' fees, costs, and expenses incurred in this matter.

WHEREFORE, PNC Bank, National Association respectfully requests that this Court enter judgment in its favor and against Brown Transfer for $1,135,000.00, interest of $13,594.76 as of June 4, 2021, plus further accruing interest, an award of attorneys' fees, costs, and expenses incurred in this matter and any other relief in law or equity as this Court may deem proper.

Dated:

/s/ Casey B. Hicks
Casey B. Hicks
WELTMAN, WEINBERG & REIS CO., L.P.A.
180 North LaSalle Street, Suite 2400
Chicago, Illinois 60601
Tel: (312) 782-9676
Fax: (312) 782-4201
ARDC No. 6289784
E-mail: chicagolaw@weltman.com
*Attorneys for Plaintiff,*
*PNC Bank, National Association*